UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| TYLER LEMASTER, | ) | |
| | ) | Civil Action No. 11-30-ART |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| TAYLOR INDUSTRIES, LLC, | ) | **& ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

"Rough neck" Tyler Lemaster was injured when the auger bit on an oil rig ensnared his clothing. R. 1, Attach. 1. at 4-5. He then collected over $130,000 from his employer's worker's compensation insurer, Rockwood Casualty Insurance Company. R. 7, Attach. 2 at 2. On top of this and possible future worker's compensation payments, *id.*, Lemaster is now suing the manufacturer of the oil rig for compensatory and punitive damages. R. 1, Attach. 1 at 7.

Rockwood, too, seeks recompense from the manufacturer. It filed suit under Kentucky's subrogation statute for workmen's compensation insurers, KRS § 342.700. Rockwood initially filed a motion to intervene in state court, where this case began. R. 2. But the defendant removed before the state court resolved it. The defendant now says, incorrectly, that intervention is improper.

Preliminarily, Rockwood is very likely entitled to intervene "as of right" under Fed. R. Civ. P. 24(a). *See Smith Petroleum Serv. v. Monsanto*, 420 F.2d 1103, 1114-15 (5th Cir. 1970) ("It has been held that where the state workmen's compensation law permits subrogation of a compensation carrier, the carrier is entitled to intervene as a matter of right.") (citing cases).

That rule says that parties with an "interest relating to the property or transaction that is the subject of the action" can intervene if "disposing of the action may as a practical matter impair" protection of that interest "unless existing parties adequately represent that interest." *Id.* Each of these requirements is met here. First, Rockwood has an "identifiable interest in funds that are the subject of litigation"—namely, the damages it hopes to collect as a subrogee. 7C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1908.1 (3d. ed. 2010); *McDonald v. E.J. Lavino co.*, 430 F.2d 1065, 1071 (11th Cir. 1970) ("Since USF&G's purpose in moving to intervene was to protect its subrogation interest as a compensation carrier under the Mississippi statute, it is clear that the proposed intervention was cognizable as intervention of right under Rule 24(a)(2).").

Second, resolving this case in favor of the defendant manufacturer may, as a "practical matter impair or impede" Rockwood's ability to recover its outlay. Not only would a decision that the defendant was not culpable potentially taint separate litigation between Rockwood and the defendant. *See* 7C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1908.2 (3d. ed. 2010) ("[S]everal cases now have held that stare decisis by itself may, in a proper case, supply the practical disadvantage that is required for intervention under Rule 24(a)."). But intervening in this case might be Rockwood's only shot at recovery: KRS § 411.188 says that a party holding "subrogation rights" "will . . . [lose] those rights with respect to any final award received by the plaintiff as a result of the action" if it fails to intervene. And Rockwood's rights under § 342.700 are indeed "subrogation rights." *See C.A. & I., Inc. v. Cook*, No. 2010-CA-001306, 2011 WL 1367766, at *1 (Ky. App. April 8, 2011).

Third, the plaintiff is likely not an "adequate representative" of Rockwood's interests. To the extent § 411.188 truly does bar Rockwood's recovery if it does not intervene, then the plaintiff would not protect Rockwood's interests at all by proceeding against the defendant alone. That is, even if the plaintiff won while flying solo, Rockwood would recover nothing under § 411.188. What's more, Rockwood's and the plaintiff's interests are not really the same. *See Purnell*, 925 F.2d at 950 (holding that a party may be an inadequate representative if it has an "adverse interest" with the putative intervenor and that "interests need not be wholly 'adverse' before there is a basis for concluding that existing representation of a 'different' interest may be inadequate.") (internal quotation marks omitted). Rockwood simply wants compensation for what it has and will have to pay as an insurer; the plaintiff hopes to maximize his recovery for his injuries—even seeking punitive damages. What's more, Rockwood has an interest in ensuring that the case against the defendant is pursued efficiently. After all, its own recovery will be reduced by the plaintiff's "legal fees and expenses." KRS § 342.700(1).

Yet even if Rockwood is not an intervenor as of right, it can permissively intervene under Rule 24(b). That rule allows intervention by a party with a "claim or defense that shares with the main action a common question of law or fact." *Id.* at (b)(2). And as the defendant, channeling Yogi Berra (of "déjà vu all over again" fame), says: "[T]he Intervening Plaintiff doesn't have a claim that shares with the main action a common question of law or fact because the intervening plaintiff's *claim is identical and in fact is the same claim* in which the plaintiff seeks to recover." R. 9 at 3 (emphasis added). See also *White-Spunner Const., Inc. v. Zurich Am. Ins. Co.*, No. 10-0158, 2011 WL 773230, at *3 (S.D. Ala. Feb. 28, 2011) ("Amerisure's

3

position in this lawsuit, as subrogee, is essentially the same as that of White-Spunner. [The "common question of law or fact" requirement] is easily satisfied.").

Perhaps, as Rockwood generously surmises in its reply, the defendant means to argue that Rockwood does not have a "claim or defense" at all—maybe the cause of action belongs to the plaintiff, and Rockwood is just a sideline cheerleader. It is true Kentucky courts have held that the § 342.700 subrogation statute "does not create a new cause of action, but merely transfers the right of the recovery to the . . . insurance company." *Whitney v. Louisville & N.R. Co.*, 177 S.W.2d 139, 141 (Ky. 1944). But reading this to mean that Rockwood lacks a "claim or defense" is hard to square with the text of KRS § 342.700, which specifically authorizes a worker's compensation insurer to "recover in his or its *own name* . . . from the other person in whom liability for damage exists[.]" (emphasis added). And it also takes an unusually narrow view of the words "claim or defense," which "have not been read in a technical sense[.]" *Brooks v. Glagg Bros., Inc.*, 63 F.R.D. 409, 558 (S.D.N.Y. 1974) (citation omitted); *see also Nuesse v. Camp*, 385 F.2d 694, 704 (D.C. Cir. 1967).

The defendant adds that, "should the Court find that the intervening plaintiff's claim would destroy diversity jurisdiction, then their claim for intervention must be denied." R. 9 at 3. But the Court knows of no reason why Rockwood's intervention would destroy diversity. Unlike either the plaintiff or the defendant, Rockwood is a Pennsylvania citizen. R. 7 at 4. And it seeks more than $130,886.99 in this case, above the jurisdictional minimum. *Id.*, Attach. 2.

One final note: Rockwood alerted the Court to 28 U.S.C. § 1445(c), which forbids removal of any case "arising under the workmen's compensation laws of" a state. This statute

is no obstacle here, first because Rockwood was not admitted as a party when the defendant removed this case, so the case involved no workmen's compensation issues upon removal. *See Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1061 (9th Cir. 2002). Also, Rockwood's workmen's compensation subrogation claim does not change the nature of this case because it is a derivative of the plaintiff's non-worker's compensation claim. *Colasanti v. Allstate Cos., Inc.*, No. 3:01-257, 2001 WL 1774441, at *2 (W.D. Ky. Sept. 10, 2001).

Accordingly, it is **ORDERED** that the motion to intervene, R. 7, is **GRANTED**.

This the 26th day of April, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge